**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00094-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **DAVID STUART LUTZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the parties' Joint Motion for Peremptory Trial Setting [Doc. 24] and the parties' Joint Motion for Reconsideration of Order Denying Motion to Continue [Doc. 36].

On September 16, 2020, the Defendant was charged in a Bill of Indictment with one count of knowingly transporting, and causing to be transported, hazardous waste without a manifest required by the United States or by the State of North Carolina, and aiding and abetting the same, in violation of 42 U.S.C. § 6928(d)(5) and 18 U.S.C. § 2; one count of knowingly transporting, and causing to be transported, hazardous waste to a facility that does not have a permit issued by the United States or by the State of North Carolina to receive and store hazardous waste, and aiding and abetting the same, in violation of 42 U.S.C. § 6928(d)(1) and 18 U.S.C.

§ 2; and one count of knowingly storing, and causing to be stored, hazardous waste, at or near a property without a permit issued by the United States or by the State of North Carolina to receive and store hazardous waste, and aiding and abetting the same, in violation of 42 U.S.C. § 6928(d)(2)(A) and 18 U.S.C. § 2. [Doc. 1]. After being continued a number of times [Docs. 11, 15, 18, 20, 22], this matter is currently scheduled for trial during the September 7, 2021 trial term.  The parties have requested a peremptory trial setting for September 7, 2021.  [Doc. 24].

On August 19, 2021, the Defendant moved for a continuance of the trial date, citing a number of concerns related to the COVID-19 pandemic. [Doc. 29].  On August 24, 2021, the Court denied the Defendant's motion. [Text-Only Order entered Aug. 24, 2021].

The Defendant, joined by the Government, now moves for reconsideration of the Order denying the motion for continuance.  [Doc. 36]. For grounds, the Defendant states a number of reasons, set forth in a sealed memorandum, related to medical emergencies experienced by counsel's family members and other circumstances which would prevent counsel for both parties for preparing properly for trial.  [See Doc. 37].

The Court finds the case should be continued.  If the requested continuance were not granted, the Court finds that counsel would be denied

2

"the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

In light of the continuance of the trial, the parties' Joint Motion for Peremptory Trial Setting is moot.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion for Reconsideration of Order Denying Motion to Continue [Doc. 36] is **GRANTED**, and the above-captioned case is **CONTINUED** from the September 7, 2021 term in the Asheville Division.

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Peremptory Trial Setting [Doc. 24] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: September 1, 2021

Martin Reidinger
Chief United States District Judge

3